IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | | |
|---|---|---|
| **CAROLYN ROBISON ROBBINS,** | } | |
| Plaintiff, | } | |
| v. | } | CASE NO. CV 02-B-0426-NW |
| **ALFA MUTUAL INSURANCE COMPANY; HIGHMARK LIFE AND CASUALTY GROUP, f/k/a Trans General Group,** | } } } } | **ENTERED** MAR 27 2003 |
| Defendants. | } | |

### MEMORANDUM OPINION

This case is before the court on the Motion for Summary Judgment filed by defendant Alfa Mutual Insurance Company ("Alfa"). Alfa moves for summary judgment as to all claims brought by plaintiff. Plaintiff did not file a response in opposition to the defendant's motion. Upon consideration of the record, and the relevant law, the court is of the opinion that defendant's motion is due to be granted.

Under FED. R. CIV. P. 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See Celotex Corp. V. Catrett*, 477 U.S. 317, 322 (1986). The movant can meet this burden by presenting evidence showing that there is no dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of her case on which she bears the ultimate burden of proof. *Celotex*, 477 U.S. at 322-23; *see* FED. R. CIV. P. 56(a) and (b). Once the party has met its burden, Rule 56(e) provides:



> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response . . . must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Thus, although a court may not grant a motion for summary judgment simply because the motion goes unopposed, it may do so if summary judgment is otherwise appropriate.

Applying the standards governing summary judgment to the facts of this case, the court concludes that there is no genuine issue as to any material fact, and defendant Alfa Mutual Insurance Company is entitled to a judgment as a matter of law. On November 6, 2002, plaintiff submitted a Response to the Motion for Summary Judgment of defendant Alfa Mutual Insurance Company and to the Motion for Partial Summary Judgment of defendant Highmark Life and Casualty Group. Plaintiff did not offer any evidence in opposition to defendant Alfa's Motion for Summary Judgment. Because plaintiff did not meet her burden "to go beyond the pleadings and . . . designate 'specific facts showing that there is a genuine issue for trial,'" *Celotex*, 477 U.S. at 324, defendant Alfa's Motion for Summary Judgment is due to be granted.

An Order in accordance with this Memorandum Opinion will be entered contemporaneously herewith.

DONE this 27th day of March, 2003.

_____
SHARON LOVELACE BLACKBURN
United States District Judge