IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

CAROLYN ROBISON ROBBINS, }
}
    Plaintiff, }
}
v. }    CASE NO. CV 02-B-0426-NW
}
HIGHMARK LIFE AND CASUALTY }
GROUP, f/k/a Trans General Group, }
}
    Defendant. }

**ENTERED**
MAR 27 2003

## MEMORANDUM OPINION

This case is before the court on the Motion for Summary Judgment filed by defendant Highmark Life and Casualty Group ("Highmark"). Highmark moves for summary judgment on the claim in plaintiff's Amended Complaint that Highmark breached a fiduciary duty to plaintiff. Plaintiff did not file a response in opposition to the defendant's motion. Upon consideration of the record, and the relevant law, the court is of the opinion that defendant's motion is due to be granted.

Under FED. R. CIV. P. 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See Celotex Corp. V. Catrett*, 477 U.S. 317, 322 (1986). The movant can meet this burden by presenting evidence showing that there is no dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of her case on which she bears the ultimate burden of proof. *Celotex*, 477 U.S. at 322-23; *see* FED. R. CIV. P. 56(a) and (b). Once the party has met its burden, Rule 56(e) provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response . . . must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Thus, although a court may not grant a motion for summary judgment simply because the motion goes unopposed, it may do so if summary judgment is otherwise appropriate.

Applying the standards governing summary judgment to the facts of this case, the court concludes that there is no genuine issue as to any material fact as to plaintiff's claim that Highmark breached a fiduciary duty to plaintiff, and defendant is entitled to a judgment as a matter of law on that claim. On November 6, 2002, plaintiff submitted a Response to defendant Highmark's motion. Plaintiff did not offer any evidence or opposition to defendant's motion. Because plaintiff did not meet her burden "to go beyond the pleadings and . . . designate 'specific facts showing that there is a genuine issue for trial,'" *Celotex*, 477 U.S. at 324, defendant Highmark's Motion for Summary Judgment on the claim in plaintiff's Amended Complaint that Highmark breached a fiduciary duty to plaintiff is due to be granted.

An Order in accordance with this Memorandum Opinion will be entered contemporaneously herewith.

**DONE** this 27th day of March, 2003.

_Sharon Lovelace Blackburn_
SHARON LOVELACE BLACKBURN
United States District Judge

2